# Watson Unemployment Compensation Case.

Argued September 16, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Joseph H. Savitz,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION PER CURIAM, October 27, 1965:
Decision affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:
I respectfully dissent. Claimant was denied unemployment compensation benefits on the ground that he was guilty of wilful misconduct in absenting himself four times in four months, without notice. At the hearing before the referee, the sole witness for the employer was its bookkeeper. At the hearing before the Hearing Officer of the Board of Review, the sole witness for the employer was the office manager. Neither of these witnesses could testify from personal knowledge; they could only testify from information contained on standard time cards.

Claimant appeared personally and explained that he had been absent due to illness on all but one of the days in question, and, more importantly, that he had given notice to his superior in each instance. He further explained that on one day he had received permission from his superior to be absent from 9:00 a.m. to 3:00 p.m. because of a federal income tax problem.

The witnesses appearing for the employer attempted to testify that claimant was warned about his absences from notations on the time cards reading "out" or

''warning''. Yet, these witnesses did not know the details of these alleged warnings or if, in fact, claimant was warned. Significantly, claimant's immediate supervisor, who could have testified from first-hand knowledge about all of these issues, never appeared. Thus, the employer based its case on second-hand testimony, and claimant was denied the opportunity to cross-examine the one person through whom his arguments might have been substantiated.

Unemployment compensation benefits were specifically designed to protect individuals in claimant's position. We are ordinarily bound to adopt the findings of the Board, but only if such findings are supported by competent evidence. The Board should not so easily have forfeited claimant's rights on the basis of the unsubstantiated and uncertain testimony in this case, especially when better evidence was readily available.

I wish to note my growing concern over the tendency of the Board to deny these rights to claimants on the basis of findings which are not predicated on credible, relevant and reliable testimony.